***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes. The appealing party has shown good ground to reconsider the evidence. The Full Commission affirms in part, and reverses in part, the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act. *Page 2 
2. An employee-employer relationship existed between the named employee and named employer.
3. The carrier liable on the risk is correctly named above;
4. Plaintiff's average weekly wage is $165.43, which yields a compensation rate of $110.29 per week.
 ************
Based upon the credible evidence of record and reasonable inferences drawn therefrom, the Full Commission finds as fact the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, Plaintiff was 57 years old. She graduated from high school and had taken college classes.
2. At the time of her compensable accident, Plaintiff was employed in two jobs. Plaintiff worked during the day with Moore's Cafeteria as a food service sanitation specialist. Plaintiff was also employed by the defendant-employer, Daily News, in the evenings. She began her employment with the Daily News in June 1996.
3. Plaintiff stated that she reported to the Daily News around 7:30 p.m. and worked until the job was complete. Her position with the Daily News required her to insert advertisements and magazines into the daily newspapers.
4. On June 13, 2002, Plaintiff slipped and fell on a newspaper that was on the floor. She testified that she landed on her buttocks on a cement floor. Plaintiff was assisted to her feet by a co-worker. She immediately informed her supervisor of the incident and requested medical treatment. *Page 3 
5. Plaintiff was directed to report to Onslow Doctor's Care the next morning as a drug screen needed to be completed. She was diagnosed with acute lumbar sacral strain and was instructed to put heat on the affected area. Plaintiff was released with light-duty restrictions to return to work on June 14, 2002.
6. A form 19 was filed on June 14, 2002, indicating that Plaintiff slipped and fell injuring her lower back.
7. Plaintiff requested further treatment due to continued pain. Her night manager allowed her to treat with her family physician. Plaintiff presented to Dr. Ojebuoboh on June 19, 2002, with complaints of back pain. Dr. Ojebouboh had x-rays performed, which showed advance facet arthritis at L4-5 and L5-S1 bilaterally and a large degenerative spur at L1-2. Dr. Ojebouboh referred Plaintiff to physical therapy.
8. Plaintiff returned to Dr. Ojebouboh on July 26, 2002. Plaintiff noted improvement with the physical therapy. Plaintiff was discharged from physical therapy on August 13, 2002.
9. Plaintiff testified that she continued to have back pain and attempted to contact the defendant carrier for a return appointment to the doctor. She stated that the carrier denied her further medical treatment.
10. In November 2002 Plaintiff was involved in a minor motor vehicle accident. Her car sustained minimal damage in the accident. Plaintiff presented to Schilsky Chiropractic due to headaches and neck pain that she believed to result from the vehicle accident. In completing the accident form for Schilsky Chiropractic, Plaintiff filled out that she had neck, back, and various body aches to include the headaches. Plaintiff did not realize that the form only requested that she indicate what pain resulted from the auto accident. *Page 4 
11. Plaintiff treated with Dr. Schilsky for the automobile injuries while continuing to contact Key Risk for further treatment for her low back. As Plaintiff indicated that she had problems with her low back on the intake form, Plaintiff did receive treatment from Dr. Schilsky's office to her low back. Plaintiff was released from Schilsky Chiropractic on February 14, 2003.
12. The defendant-carrier authorized Plaintiff to be evaluated at Carolina Sports Medicine. Plaintiff was examined by Joyce A. Weber, PA-C for Dr. Douglas Messina on May 6, 2003. Ms. Weber diagnosed Plaintiff with lumbar pain with mild radiculopathy and mild osteroarthritic spurring of the lumbar spine. Ms. Weber recommended that an MRI be performed and that Plaintiff attend physical therapy.
13. Plaintiff returned to Carolina Sports Medicine on May 22, 2003, and was evaluated by Dr. Messina. The MRI was reviewed which indicated diffuse disc bulging and mild stenosis at L4-5 and L5-S1. Plaintiff was instructed to follow up with physical therapy.
14. On July 7, 2003, Plaintiff was evaluated by Dr. Curlee for her stenosis. Dr. Curlee believed Plaintiff to have lumbar stenosis with exacerbation of symptoms secondary to her fall at work. Dr. Curlee recommended epidural steroid injections. The carrier denied the injections and further treatment from that point forward. Although Dr. Curlee did not believe the June 13, 2002 fall caused Plaintiff's stenosis, he was of the opinion that the fall precipitated her symptoms related to her stenosis. Thus, the Full Commission finds that the fall on June 13, 2002, materially exacerbated Plaintiff's pre-existing back condition.
15. Plaintiff was involved in another motor vehicle accident on September 15, 2003. The property damage was slightly higher than the accident of November 2002. Plaintiff returned to Schilsky Chiropractic for treatment. Again, Plaintiff erroneously interpreted the intake sheet by *Page 5 
listing all of her medical complaints instead of limiting the answer to what was injured in the automobile accident.
16. Plaintiff was referred by Dr. Ojebuoboh to Dr. James Markworth with Atlantic Orthopaedics. Armando Gonzales, PA-C evaluated Plaintiff on December 29, 2003. This visit was paid by Plaintiff's private health insurance. Mr. Gonzales agreed with Dr. Curlee's recommendation of epidural steroid injections (ESI).
17. Plaintiff underwent the ESI program without noted improvement in her pain.
18. Mr. Gonzales wrote another prescription for physical therapy for Plaintiff.
19. Dr. Markworth examined Plaintiff on August 9, 2004. Dr. Markworth recommended that Plaintiff complete physical therapy and then return for an evaluation. Plaintiff returned to Dr. Markworth on September 27, 2004, and noted improvement in her pain. She was prescribed a TENS unit at this visit.
20. Plaintiff returned to Dr. Markworth on November 8, 2004. She was unable to use the TENS unit due to skin sensitivity. Plaintiff continued to experience pain in her back. Dr. Markworth recommended a CT Myelogram be performed.
21. Plaintiff underwent the CT Myelogram on November 30, 2004. The Myelogram revealed that Plaintiff had a posterior disc protrusion at L4/5 in combination of Grade I anterolisthesis and bilateral facet hypertrophy, and bilateral neural foraminal narrowing; bilateral facet hypertrophy, degenerative joint disease and posterior broad disc bulge at L5/S1 and degenerative disc disease at L1/2. These findings were consistent with the x-rays performed by Dr. Ojebuoboh in June 2002.
22. Plaintiff chose to try acupuncture treatment rather than root block therapy. When the acupuncture did not produce the desired results, Plaintiff returned to Dr. Markworth for *Page 6 
a referral for the facet injections. Dr. Markworth referred Plaintiff to Dr. Johnston with Johnston Pain Management to begin the facet joint injection program.
23. Plaintiff did not sustain prolonged pain relief from the facet joint injections. Dr. Markworth recommended a discogram to determine the exact cause of Plaintiff's pain and then discuss possible surgery.
24. Due to her compensable injury, Plaintiff would miss time from work due to pain by requesting to leave early. Plaintiff did not have a doctor's note for these periods of time.
25. Plaintiff left her employment with the Daily News in April 2003. She testified that her decision to leave was based upon her pain. As of the date of hearing before the Deputy Commissioner, plaintiff continued with her employment at Moore's Cafeteria as a food service sanitation specialist.
26. The Full Commission finds that Plaintiff sustained a compensable injury by accident on June 13, 2002, when she slipped and fell on a newspaper while in the course and scope of her employment on the premises of her employer, which resulted in injury to her buttocks and back. Further, as a result of her compensable injury on June 13, 2002, the Full Commission finds that Plaintiff materially exacerbated her pre-existing back condition.
27. Though plaintiff is entitled to past and future medical compensation for the injuries resulting from her June 13, 2002 injury by accident, the Full Commission finds that plaintiff is not entitled to disability compensation under the Workers' Compensation Act because there is no evidence of record that any physician has ever taken plaintiff out of work.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission reaches the following: *Page 7 
 CONCLUSIONS OF LAW
1. Plaintiff sustained a compensable injury by accident on June 13, 2002, when she slipped and fell on a newspaper while in the course and scope of her employment on the premises of her employer, which resulted in injury to her buttocks and back. N.C. Gen. Stat. § 97-2(6). Further, as a result of her compensable injury on June 13, 2002, Plaintiff materially exacerbated her pre-existing back condition. Id.
2. Plaintiff is entitled to medical treatment that is reasonably necessary to effect a cure, give relief, and lessen Plaintiff's period of disability incurred or to be incurred, as a result of Plaintiff's back injury sustained on June 13, 2002. N.C. Gen. Stat. §§ 97-2(19) and97-25.
3. Plaintiff has failed to show that she is entitled to temporary total disability benefits per N.C. Gen. Stat. § 97-29 because there is no evidence of record that any physician has ever taken plaintiff out of work.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay for medical expenses incurred or to be incurred, as a result of Plaintiff's back injury sustained on June 13, 2002. Dr. Markworth and Dr. Johnston are hereby named Plaintiff's authorized treating physicians.
2. Defendants shall pay the costs, including an expert witness fee of $415.00 to Dr. Patrick M. Curlee, if not paid by prior order. *Page 8 
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ PAMELA T. YOUNG COMMISSIONER